## UNITED STATES v. WALKER.

### No. 53 CR 198.

United States District Court
N. D. Illinois.

Oct. 19, 1953.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for the United States.

Frank J. McAdams, Jr., McAdams & Kirby, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

The defendant has moved to dismiss this indictment charging him with violation of Section 222, Title 7, U.S.C.A., the Packers and Stockyards Act, in that he caused a named individual to make false scale tickets in weighing hogs. It is the defendant's contention that the indictment is fatally defective because it does not (and could not) allege that a full and fair hearing was had, upon notice, by the Secretary of Agriculture, with an entry and subsequent disobedience, of a cease and desist order by the Secretary. The defendant also contends that the allegation that the act charged was "wilfully and knowingly" done is not sufficient, since it was an innocent act, and that the aspects of that act which made it criminal must be alleged.

The defendant asserts that the act here charged would fall within Section 221, Title 7, U.S.C.A., and not Section 222 as alleged in the indictment.

Section 222 provides:

"For the efficient execution of the provisions of this chapter, and in order to provide information for the use of Congress, the provisions (including penalties) of sections 46 and 48–50 of Title 15 are made applicable to the jurisdiction, powers, and duties of the Secretary in enforcing the provisions of this chapter *and to any person subject to the provisions of this chapter * * *.*"

The indictment relies on Section 50, Title 15, U.S.C.A., which provides in part:

"Any person who shall willfully make, or cause to be made, any false

entry or statement of fact in any report required to be made under sections 41–46 and 47–58 of this title, *or who shall willfully make, or cause to be made, any false entry in any account, record, or memorandum* kept by any corporation subject to said sections * * * shall be deemed guilty of an offense * * *."

Section 221, Title 7, U.S.C.A., which defendant feels is the only pertinent statute, provides:

"Every packer or any live poultry dealer or handler, stockyard owner, market agency, and dealer shall keep such accounts, records, and memoranda as fully and correctly disclose all transactions involved in his business, including * * *. Whenever the Secretary finds that the accounts, records, and memoranda of any such person do not fully and correctly disclose all transactions involved in his business, the Secretary may prescribe the manner and form in which such accounts, records, and memoranda shall be kept, and thereafter any such person who fails to keep such accounts, records, and memoranda in the manner and form prescribed or approved by the Secretary shall upon conviction be fined not more than $5,000, * * *."

■ While it might have been possible to construe the instant violations as within the purview of Section 221 as quoted, and that a prerequisite to indictment thereunder would have been a finding by the Secretary and an order by him and a violation thereof, nevertheless the instant indictment was not brought under that Section but under Section 222, incorporating by reference provisions of the Federal Trade Commission Act, specifically Section 50, which provides that it is a criminal offense to make wilfully a false entry in any record or memorandum. As to such an act, the crime is not conditioned on prior action by the Secretary directing a specific course of action.

Counsel for the defendant cite the case of United States v. Brown, D.C.Okl. 1925, 4 F.2d 270, wherein an indictment was held defective for not alleging "any hearing, finding, or order of the Secretary" of a conspiracy. That case is differentiable in that the charge was of conspiracy to violate Section 213, 7 U.S.C.A., which provides that it is unlawful to engage in an unfair practice and that the Secretary shall, after notice and full hearing, make a cease and desist order, and Section 215 makes it an offense to violate such a cease and desist order. It is clear that the Secretary's order is a prerequisite before a criminal act can be committed. The case of Kelly v. Union Stockyards & Transit Co. of Chicago, 7 Cir., 1951, 190 F.2d 860, is also distinguishable.

The defendant, in addition, complains that an indictment merely stating wilful and knowing entry of an erroneous weight figure on a scale ticket cannot be held to state an offense because the facts must be pleaded upon which the conclusion of "wilfulness" is predicated.

■ The indictment alleges that the defendant

"* * * in connection with the sale as a dealer of hogs * * * did willfully and knowingly cause a weighmaster employed by the said Union Stock Yards * * * whose duty it was to determine and record on scale tickets the *correct* weight of livestock weighed on stockyard scales, to show on a scale ticket issued by such weighmaster a weight or weights greater than the true weight of such hogs * * * by showing on scale ticket No. A936636 the weight of a certain draft of 59 hogs, owned by defendant and purchased by Wilson and Company, Incorporated, as 22,520 pounds, whereas in fact said draft of hogs weighed 22,390 pounds."

Section 222 provides that its purpose in incorporating the records provision of

the Federal Trade Commission Act was for the efficient execution of the Packers and Stockyards Act in order to provide information for the use of Congress. Statistics compiled from the weight tickets allegedly manipulated by the defendant would hardly reflect accuracy. The only allegation omitted from the indictment was one relating to the motivating cause of the action. This does not render the indictment defective.

The motion of the defendant to dismiss the indictment is denied.